1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:         matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   FONOVISA, INC.; LAFACE RECORDS LLC; and
7  INTERSCOPE RECORDS

8
9                           UNITED STATES DISTRICT COURT
                            NORTHERN DISTRICT OF CALIFORNIA
10                          SAN FRANCISCO DIVISION

11

12 | FONOVISA, INC., a California corporation; | CASE NO. 3:07-CV-04884-MJJ
   | LAFACE RECORDS LLC, a Delaware limited   |
13 | liability company; and INTERSCOPE        | **The Honorable Martin J. Jenkins**
   | RECORDS, a California general partnership,|
14 |                          Plaintiffs,      | ***EX PARTE* APPLICATION TO CONTINUE
   |                                           | CASE MANAGEMENT CONFERENCE
15 |         v.                               | AND EXTEND TIME TO SERVE
   |                                           | DEFENDANT AND [PROPOSED] ORDER**
16 | JOHN DOE,                                 |
17 |                          Defendant.       |

18
19
20
21
22
23
24
25
26
27
28

Ex Parte Application and [Proposed] Order
Case No. 3:07-cv-04884-MJJ
#34557 v1

1  Plaintiffs respectfully request that the Court continue the case management conference currently set for January 15, 2008 at 2:00 p.m. to May 13, 2008.  Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), that Plaintiffs' time to serve the Summons and Complaint on Defendant be extended from January 18, 2008 to May 16, 2008.  As set forth in more detail below and in the accompanying declaration, this application is made *ex parte* because Defendant's identity is not yet known to Plaintiffs.  Declaration of Matthew Franklin Jaksa ("Jaksa Decl."), ¶ 5.

Plaintiffs filed the Complaint against Defendant John Doe ("Defendant") on September 20, 2007.  Jaksa Decl., ¶ 2.  Also on September 20, 2007, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery, seeking the Court's permission to serve a Rule 45 subpoena on California State University – Monterey Bay ("Cal State Monterey Bay") so that Plaintiffs could obtain information sufficient to identify Defendant.  Jaksa Decl., ¶ 4.  The Court has not yet ruled on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery.  Jaksa Decl., ¶ 5.

If the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, Plaintiffs will attempt to determine Defendant's identity by serving a Rule 45 subpoena on Cal State Monterey Bay.  Jaksa Decl., ¶ 6.  However, until that time, Plaintiffs cannot seek discovery from Cal State Monterey Bay, and therefore cannot identify and serve Defendant or otherwise advance this litigation.  Jaksa Decl., ¶¶ 5, 7, 9.

Given the foregoing circumstances, a case management conference is unnecessary at this time.  Plaintiffs therefore respectfully request that the Court continue the case management conference currently set for January 15, 2008, at 2:00 p.m. to May 13, 2008.

Furthermore, the original time period for Plaintiffs to serve the Summons and Complaint on Defendant will expire on January 18, 2008.  Jaksa Decl., ¶ 8.  Unless and until Plaintiffs learn Defendant's identity, Plaintiffs will be unable to amend the complaint to name Defendant, or serve the amended complaint on Defendant.  Jaksa Decl., ¶ 9. Even if the Court were to grant Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery in the near future and Plaintiffs were then to immediately serve a subpoena on Cal State Monterey Bay, it is unlikely that Plaintiffs would learn Defendant's identity before the original service deadline passes.  Moreover, Plaintiffs would be

1

1  left with little or no time to contact Defendant and attempt to resolve this matter or to amend the
2  complaint to name Defendant and attempt to serve the amended complaint.
3      Therefore, Plaintiffs respectfully request that the time to serve the Summons and Complaint
4  on Defendant be extended to May 16, 2008.

Dated:  December 20, 2007                                          HOLME ROBERTS & OWEN LLP

                                       By: */s/ Matthew Franklin Jaksa*
                                               MATTHEW FRANKLIN JAKSA
                                               Attorney for Plaintiffs

## **ORDER**

    Good cause having been shown:

    **IT IS ORDERED** that the case management conference currently set for January 15, 2008, at 2:00 p.m. be continued to May 13, 2008.

    **IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to May 16, 2008.

Dated: _____                              By: _____
                                                                                              Honorable Martin J. Jenkins
                                                                     United States District Judge

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   FONOVISA, INC.; LAFACE RECORDS LLC; and
7  INTERSCOPE RECORDS

8

                     UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10                      SAN FRANCISCO DIVISION

11

12 | FONOVISA, INC., a California corporation;        | CASE NO. 3:07-CV-04884-MJJ
   | LAFACE RECORDS LLC, a Delaware limited           |
13 | liability company; and INTERSCOPE                | **The Honorable Martin J. Jenkins**
   | RECORDS, a California general partnership,       |
14 |                     Plaintiffs,                   | **DECLARATION OF MATTHEW**
15 |                                                   | **FRANKLIN JAKSA IN FURTHER**
   |     v.                                            | **SUPPORT OF *EX PARTE* APPLICATION**
16 |                                                   | **TO CONTINUE CASE MANAGEMENT**
   | JOHN DOE,                                         | **CONFERENCE AND EXTEND TIME TO**
17 |                     Defendant.                    | **SERVE DEFENDANT**

18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF MATTHEW FRANKLIN JAKSA
Case No. 3:07-cv-04884-MJJ
#34556 v1

## DECLARATION OF MATTHEW FRANKLIN JAKSA

I, MATTHEW FRANKLIN JAKSA, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of California and the United States District Court, Northern District of California. I am an associate with the law firm of Holme Roberts & Owen LLP, counsel of record for Plaintiffs. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Plaintiffs filed the Complaint for Copyright Infringement ("Complaint") against Defendant John Doe ("Defendant") on September 20, 2007 alleging that Defendant used an online media distribution system to download and/or distribute certain of Plaintiffs' copyrighted sound recordings, and that such acts constituted infringement of Plaintiffs' copyrights and/or exclusive rights under copyright.

3. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider – here, California State University – Monterey Bay ("Cal State Monterey Bay").

4. Accordingly, also on September 20, 2007, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery, seeking the Court's permission to serve a Rule 45 subpoena on Cal State Monterey Bay in order to obtain information sufficient to identify Defendant, including Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control address.

5. The Court has not yet ruled on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery. Since Plaintiffs do not yet have an order from the Court permitting Plaintiffs to serve a Rule 45 subpoena on Cal State Monterey Bay, Plaintiffs are unable to determine the identity of Defendant at this time.

6. If the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, Plaintiffs will attempt to determine Defendant's identity by serving a Rule 45 subpoena on Cal State Monterey Bay.

7. When and if Plaintiffs discover Defendant's identifying information, Plaintiffs will attempt to contact Defendant and attempt to resolve the dispute. If the dispute is not resolved and it is determined that it would be more appropriate to litigate the copyright infringement claims in another jurisdiction, Plaintiffs will dismiss the present lawsuit and re-file in the appropriate jurisdiction.

8. The deadline for Plaintiffs to serve Defendant with the Summons and Complaint is January 18, 2008.

9. Unless and until Plaintiffs learn Defendant's identity, Plaintiffs will be unable to amend the complaint to name Defendant or serve the amended complaint on Defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of December, 2007, at San Francisco, California.

_____
Matthew Franklin Jaksa